Date signed May 08, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                :
                                      :
TCHOTCHO MENSAH PINCKNEY    :    Case No. 08-10247PM
                                      :    Chapter 13
            Debtor                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -:

### MEMORANDUM OF DECISION

This case came before the court on May 6, 2008, for hearing on the Debtor's Motion to Stay Administration of this Chapter 13 case pending the resolution of two objections to claims of Countrywide Home Loans, Inc. ("Countrywide"), and for other relief.[1]  Having issued an Order to Show Cause Why This Bankruptcy Case Should Not Be Dismissed as the Debtor's Schedules

---

[1] On March 6, 2008, two months after the filing of this case under Chapter 13, the Debtor filed an action against America's Wholesale Lender Branch, # 009185, American Dream Mortgage, L.L.C. and Founders Title Agency of Maryland, L.L.C. in the Circuit Court of Maryland for Prince George's County, Case No. 08-07327, alleging misrepresentations in connection with two loan transactions occurring on March 30, 2007.  The Motion to Stay alleges that Countrywide was the lender.

Countrywide filed Proof of Claim #5 in the sum of $150,518.84 showing arrearages of $10,079.96 as of the date of filing.  An Objection to that Proof of Claim was filed at Docket #44 and set for hearing on May 6, 2008.  The Debtor also filed an Objection to Countrywide's Proof of Claim #6 in the amount of $779,133.78.

listed more secured debt than the maximum allowed under § 109(e) of the Bankruptcy Code[2], the court additionally heard the Debtor's timely Response thereto.

The Debtor's Amended Schedule D shows a total of $1,477,529.40 in secured claims, with the two claims of Countrywide aggregating $606,450.00 shown as contingent, unliquidated and disputed.  In his Response to the Order to Show Cause, the Debtor argues that the Objections to Countrywide's claims nullify the claims and, therefore, allows for the exclusion of the claims in the calculation of total secured debt.  The court finds that the vast weight of authority is to the contrary and that the Debtor is not eligible to file a case under Chapter 13.

The principle is stated concisely in Norton Bankruptcy Law and Practice, § 17:13 (3d ed. 2008):

> Code § 109(e) addresses "contingent" and "liquidated" debts, but says nothing about "disputed" debts.  Most courts have concluded from this statutory omission that disputed debts are included in the calculation of the amount of debt for eligibility purposes.

As explained in the case of *Mazzeo v. USA (In re Mazzeo)*, 131 F.3d 295, 302, 304-305 (CA2 1997), the Bankruptcy Code's definitions of "debt" and "claim" are considered coextensive, both having the broadest possible definitions whether the obligation is liquidated or unliquidated, fixed or contingent, disputed or undisputed, and whether or not it is embodied in an judgment.

Debtor, in arguing that the case should not be dismissed, relies upon the case of *In re Lambert*, 43 B.R. 913 (BC Utah 1984), and *In re King*, 9 B.R. 376 (BC Ore. 1981).  The *Lambert* decision relies in part upon the *King* case for its holding, and the soundness of the *King* case is questionable in view of the subsequent opinion from the Ninth Circuit of *In re Slack*, 187 F.3d 1070, 1074 (CA9 1999), finding that "the mere assertion by the debtor that he is not liable for the claim will not render the debt unliquidated for the purposes of calculating eligibility under § 109(e)."  The holding is the same where the debtor may have a counterclaim for more than the

---

[2]  11 U.S.C. § 109(e) provides:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

amount of the creditor's claim. *Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671 (BAP 9th Cir. 1982).[3]

  The court will enter an order dismissing this case on the 30th day after the entry of the Order herein in the event this case is not converted to another chapter of the Bankruptcy Code.

cc:
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Darine K. Tabbara, Esq., 4520 East West Highway, Suite 200, Bethesda, MD 20814
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770
Alice Al Blanco, Claims Representative, Bankruptcy Dept., Countrywide Home Loans, Inc.,
  7105 Corporate Drive, PTX-B-209, Plano, TX 75024
Prentice-Hall Corporation System, Resident Agent for Countrywide Home Loans, Inc.
  7 Saint Paul Street, Suite 1660, Baltimore, MD
Andrew Gissinger, III, President, Countrywide Home Loans, Inc.,
  3440 Wilshire Boulevard, Los Angeles, CA 90010
McCalla Raymer, LLC, National Bankruptcy Department, File No. CWF-08-19445,
  1544 Old Alabama Road, Roswell, GA 30076-2102

**End of Memorandum**

---

[3] Debtor attached a copy of the Complaint filed in the Circuit Court for Prince George's County, Maryland, to her objections to Countrywide's claims. The fact that the Complaint seeks compensatory damages of $500,000.00, punitive damages of $500,000.00 and fees is irrelevant.